DENHA v DART PROPERTIES, INC, No. 138254; Court of Appeals No. 282142.

HATHAWAY, J. I would grant leave to appeal.

HUEY v ALLSTATE INSURANCE COMPANY, No. 138269; Court of Appeals No. 282136.

KELLER v PUBLIC SCHOOL EMPLOYEES RETIREMENT SYSTEM, No. 138275; Court of Appeals No. 287440.

KELLY, C.J., and CAVANAGH and HATHAWAY, JJ. We would remand this case to the Court of Appeals for consideration as on leave granted.

PEOPLE v PINKNEY, No. 138550; Court of Appeals No. 286992.

*Reconsideration Denied June 17, 2009:*

CALLAWAY v GENERAL MOTORS CORPORATION, No. 137254. Leave to appeal denied at 483 Mich 887. Court of Appeals No. 283320.

KELLY, C.J., and HATHAWAY, J. We would grant reconsideration.

*Order Granting Oral Argument in Case Pending on Application for Leave to Appeal June 23, 2009:*

LEE v CITY OF DETROIT, No. 138091. We direct the clerk to schedule oral argument on whether to grant the application or take other peremptory action. MCR 7.302(H)(1). The parties shall submit supplemental briefs within 42 days of the date of this order addressing whether, with respect to the plaintiff's claim that the police department violated the Whistleblowers' Protection Act, MCL 15.361 *et seq.*, the Court of Appeals erred in ruling that the plaintiff failed to provide sufficient evidence to establish a genuine issue of material fact regarding a causal connection between his November 2, 2004, internal complaint and his transfer from the Gang Enforcement Section to the Records and Identification Section of the police department. The parties should not submit mere restatements of their application papers. Court of Appeals No. 274530.

*Summary Disposition June 23, 2009:*

PEOPLE v MUNGO, No. 136017. By order of May 27, 2008, the application for leave to appeal the January 17, 2008, judgment of the Court of Appeals was held in abeyance pending the decision of the United States Supreme Court in *Arizona v Gant* (Docket No. 07-542). On order of the Court, the case having been decided on April 21, 2009, *Arizona v Gant*, 556 US ___; 129 S Ct 1710; 173 L Ed 2d 485 (2009), the application is again considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we vacate the judgment of the Court of Appeals and remand this case to that court for reconsideration in light of the decision in *Arizona v Gant*.

We further note that a similar issue is presented in *People v Hunter*, unpublished opinion per curiam of the Court of Appeals, issued April

3, 2008 (Docket No. 272873), which we have peremptorily vacated and remanded to the Court of Appeals for reconsideration in light of *Gant* by order dated June 23, 2009 (Docket No. 136546). We do not retain jurisdiction. Court of Appeals No. 269250.

PEOPLE V ODELL HUNTER, No. 136546. By order of September 9, 2008, the application for leave to appeal the April 3, 2008, judgment of the Court of Appeals was held in abeyance pending the decision of the United States Supreme Court in *Arizona v Gant* (Docket No. 07-542). On order of the Court, the case having been decided on April 21, 2009, *Arizona v Gant*, 556 US ___; 129 S Ct 1710; 173 L Ed 2d 485 (2009), the application is again considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we vacate the judgment of the Court of Appeals and remand this case to that court for reconsideration in light of the decision in *Arizona v Gant*.

We further note that a similar issue is presented in *People v Mungo*, 277 Mich App 577 (2008), which we have peremptorily vacated and remanded to the Court of Appeals for reconsideration in light of *Gant* by order dated June 23, 2009 (Docket No. 136017). We do not retain jurisdiction. Court of Appeals No. 272873.

MARK CHABAN, PC v GETSINGER, Nos. 136752 and 136753. On order of the Court, the motion to intervene as appellant is granted. The application for leave to appeal the May 14, 2008, orders of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we remand this case to the Court of Appeals for reconsideration of its May 14, 2008, orders to afford Tindall & Company P.C. the opportunity to present arguments in support of the portions of the probate court's March 6, 2006, and March 8, 2006, orders awarding sanctions that were vacated by the Court of Appeals' May 14, 2008, order in No. 282481. We do not retain jurisdiction. Court of Appeals Nos. 282109 and 282481.

CORRIGAN, J. I am not participating in this case because I retained defendant Joseph P. Buttiglieri to represent my husband's estate in probate court and on other matters.

YOUNG, J. *(concurring).* I concur in the order remanding this case to the Court of Appeals. I write separately to commend to the Court of Appeals the following provisions, which may cause the panel to reconsider its previous analysis. MCL 600.2591 provides in pertinent part:

> (1) Upon motion of any party, if a court finds that a civil action or defense to a civil action was frivolous, the court that conducts the civil action shall award to the prevailing party the costs and fees incurred by that party in connection with the civil action by assessing the costs and fees against the nonprevailing party and their attorney.

> *  *  *

> (3) As used in this section: